EASTERN DIS.
*May,* 1834.

KELLAR
*vs.*
BANKS.

the reversal of a judgment, it will be done; as to affirm it, would be granting something *ultra petitione.*

In sums over five hundred dollars, the testimony of one witness is insufficient to confirm a judgment by default.

In such cases, there will be judgment of non-suit for the defendant.

### KELLAR *vs.* BANKS.

**APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.**

A partner is a competent witness for his co-partner in suit for the recovery of the price of work which was done before the partnership was formed, and when he has no interest in the result of the suit.

The objection to a partner as a witness for his co-partner in a matter which took place before the existence of the partnership, goes to his credibility and not to his competency.

In a ease where there is much testimeny introduced on both sides and a motion for a new trial, although the judgment of the District Court appears clearly correct, the Supreme Court will not, in snch a case, affirm it with damages for a frivolous appeal.

The plaintiff instituted his suit to recover the sum of five hundred and sixty eight dollars and sixty-four cents, for work and labor done and materials furnished for the use and benefit of the defendant, and at his request. It consisted of copper and zinc materials furnished and put on a certain building of the defendant, all of which is detailed in an account annexed to the petition.

The defendant plead a general denial, and admitted that the plaintiff undertook the work which was to cover a house, but did it so badly and in such an unworkmanlike manner, that the materials furnished by defendant were almost destroyed, by which he sustained a loss of four hundred and seventy-seven dollars and sixty-two cents of their value, and that he has suffered damages in consequence of the unfaithful manner the work was done to the amount of five hundred dollars, which sums he annexed to his answer, and pleads them in compensation and reconvention against the plaintiff's demand.

There were a number of witnesses examined on both sides, touching the manner in which the zinc was put on as a covering or roof of the defendant's house. It was admitted that the plaintiff was a good workman in copper, and that the workmanship of this roof is of excellent quality independently of the mode of fastening on the zinc. That if the material had been copper or tin, the mode followed by the plaintiff is the right one. The district judge considered it a kind of experiment which was to be made at the risk and expense of the defendant, and that the plaintiff was entitled to the amount of his account which was proved to be reasonable for the work done and materials furnished. Judgment was given accordingly, and the defendant appealed.

MARTIN, J. delivered the opinion of the court.

The plaintiff's claim for work and labor done in covering the defendant's house with zinc, is resisted on the ground of the work having been done in so bad and unworkmanlike

manner that the roof leaked so much as to render the house absolutely useless. The allegation of the defendant is repelled and the leakage is attributed to the badness of the materials furnished by the defendant, who is appellant from the judgment rendered against him.

As is usual in a case like the present, each party has brought a number of witnesses to support his allegations. Those of the plaintiff say he remonstrated with the defendant on the badness of the zinc, and those of the defendant, that he remonstrated with the plaintiff while the work was going on, on the bad method which had been adopted in laying on the sheets of zinc.

After the testimony had been taken down, the defendant's counsel insisted on the testimony of a witness being stricken out on account of his being a partner of the plaintiff, who had introduced him; this was opposed on the score that the connexion alleged to exist between the witness and the party did not extend to the particular undertaking which was the object of contestation. The District Court, in our opinion correctly, held that the objection, if any there was, went to the credibility but not to the competency of the witness.

On the merits, a close examination of the declarations of the witnesses has led us to the conclusion, that the judge did not err in that to which he came.

The plaintiff has claimed damages for a frivolous appeal; but it has not appeared to us that the case is one which calls for them.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

*L. C. Duncan,* for the plaintiff.

*Sterrett, contra.*

A partner is a competent witness for his co-partner in a suit for the recovery of the price of work which was done before the partnership was formed, and when he has no interest in the result of the suit.

The objection to a partner as a witness for his co-partner in a matter which took place before the existence of the partnership goes to his credibility and not to his competency.

In a case where there is much testimony introduced on both sides and a motion for a new trial; altho the judgment of the District Court appears clearly correct, the Supreme Court will not, in such a case affirm it with damages as for a frivolous appeal.